UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                   CRIMINAL ACTION NO.s 3:22-CR-29-DJH
                                                                                                   3:20-CR-24-DJH

ISAIAH STONER                                                                                DEFENDANT

## SENTENCING MEMORANDUM
*ELECTRONICALLY FILED*

Comes the Defendant, Isaiah Stoner, by and through counsel, Brian Butler, and hereby submits the following sentencing memorandum in support of a 63 month sentence encompassing both 3:22-CR-29 and 3:20-CR-24:

Mr. Stoner pled guilty to possession with the intent to distribute fentanyl and being a felon in possession of ammunition. Pursuant to 3:22-CR-29, the Presentence Investigation Report ("PSI") calculates Mr. Stoner's United States Sentencing Guideline ("Guidelines") range at 57 – 71 months, but the low end of the range is capped by the 60 month mandatory minimum. Mr. Stoner respectfully requests the Court sentence him to 60 months.

Mr. Stoner also took responsibility for violating his supervised release by using drugs and by entering a plea to possession with the intent to distribute fentanyl and being a felon in possession of ammunition in 3:22-CR-29. United States Probation's Violation Report calculates Mr. Stoner's Guideline range for his supervised release violation at 12 – 18 months. With regard to Mr. Stoner's supervised release violation, Mr. Stoner respectfully requests the Court sentence him to three (3) months for a global total sentence of 63 months.

## APPLICATION OF 18 U.S.C. § 3553(a)

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply the delineated sentencing considerations.

### A. Nature and Circumstances of the Offense

Mr. Stoner dropped fentanyl out of his car window just prior to the initiation of a traffic stop. Mr. Stoner complied with police requests to exit his vehicle and he was taken into custody without incident.

Immediately upon his arrest, Mr. Stoner, through counsel, began working to resolve this matter with the United States. Mr. Stoner quickly entered a guilty plea admitting to having been in possession of between 40 and 160 grams of fentanyl. Mr. Stoner has taken responsibility for his actions.

### B. Criminal History Calculation Justifies a Variance

Mr. Stoner has seven (7) criminal history points which is at the very low end of criminal history category IV. This one (1) point difference moved Mr. Stoner from a criminal history category III to a criminal history category IV. It also increased his Guideline range from 46-57 months to 57-71 months.

The difference between a criminal history category III and a criminal history category IV is Mr. Stoner's conviction for possession of marijuana. As the Court is aware, personal use marijuana has been legalized in numerous jurisdictions. Moreover, Mr. Stoner pled guilty to the possession of marijuana offense because it ran concurrent with his promoting contraband in the second degree sentence which was resolved on the same day after Mr. Stoner was released from federal prison. This possession of marijuana conviction should not serve to increase his criminal history category.

Moreover, convictions for misdemeanor offenses of possession of marijuana and promoting contraband coupled with one felony conviction for possession of an unregistered firearm do not warrant a severe criminal history category IV classification. If Mr. Stoner were classified as a criminal history category III, his low end Guideline sentence would be 46 months.[1] This disparity provides strong support for varying below the Guideline range for Mr. Stoner's supervised release violation pursuant to 3:20-CR-24.

    C.    <u>Mr. Stoner's Low End Guideline is Below the Mandatory Minimum</u>

Even as a criminal history category IV, Mr. Stoner's low end Guideline of 57 months is below the mandatory minimum of 60 months. As such, the lowest sentence the Court may impose is higher than Mr. Stoner's low end Guideline.

As previously stated, Mr. Stoner entered an expedited plea in this matter. He took complete responsibility for his actions in a very timely manner. This Guideline / mandatory minimum anomaly provides further support for varying below the Guideline range for Mr. Stoner's supervised release violation pursuant to 3:20-CR-24.

    D.    <u>Personal History and Characteristics</u>

Mr. Stoner is a very young man. He is only 23 years old. He has taken full responsibility for his actions and is sincerely remorseful. Sean Nash, a longtime family friend, writes, "Isaiah has expressed a deep sense of remorse in making such a serious mistake." *Exh. 1.* Sharleeka Lewis also notes in her letter that Mr. Stoner "has strong feelings of remorse and accepts full responsibility for his actions." *Exh. 2.*

Mr. Stoner had a very difficult childhood. His father was murdered when he was eight (8) years old. His mother suffers from substance abuse and did not consistently work. *Exh. 2.*

---

[1] The mandatory minimum would still be 60 months.

Mr. Stoner's grandparents helped raise him but he unquestionably had a tragic and difficult childhood.

Despite these difficult circumstances, Mr. Stoner has a close family. Mr. Stoner and his mother, grandmothers and his half-sisters are very close. Mr. Stoner's grandmother, Sandra Starks, described Mr. Stoner's devotion to her as "exceptional." Ms. Starks also described him as "kind, thoughtful, generous and loving." *Exh. 3*. Mr. Stoner's grandmother, Sharon Benford, writes, "Despite the charges, I know my grandson has a good core and was raised with a solid foundation." *Exh. 4*. Ms. Benford knows that Mr. Stoner must have consequences for his actions but respectfully requests "the court to show him some leniency." *Exh. 4*.

Importantly, Mr. Stoner has been in a committed relationship since 2019. He also has children that he loves and adores. Mr. Stoner very much wants to be part of his children's lives. He does not want to be an absent father. Sadly, he knows how difficult it is to grow up without a father.

Mr. Stoner is a high school graduate. He is first person to graduate from high school in his family. He also worked at UPS for over a year while in high school. He can succeed. In sum, Mr. Stoner has the building blocks in place for a better and more productive life upon the completion of his sentence.

E. <u>Need for the Sentence Imposed</u>

A global sentence of 63 months (60 months on 3:22-CR-29 and 3 months on 3:20-CR-24) is sufficient but not greater than necessary to accomplish the goals of sentencing. Our suggested global sentence of 63 months is **far** longer than any amount of time Mr. Stoner has ever spent in jail and is a specific deterrent to future misconduct. Moreover, Mr. Stoner will have an additional supervised release period upon his release from prison. This additional supervised

release is a further specific deterrent.

General deterrence is also satisfied by our requested global sentence of 63 months. Over five (5) years in federal prison is very significant.

F.  Conclusion

A 63 month global sentence is sufficient but not greater than necessary. Our suggested nine (9) month variance on the supervised release violation is justified based upon Mr. Stoner's criminal history being over-representative; Mr. Stoner's low end Guideline being three (3) months lower than his mandatory minimum[2]; Mr. Stoner's youth; his difficult upbringing; his family support; Mr. Stoner's need and desire to be present for his young children and Mr. Stoner's willingness to resolve this case expeditiously.

WHEREFORE, Isaiah Stoner respectfully requests that the Court sentence him to a global sentence of 63 months (60 months on 3:22-CR-29 and 3 months on 3:20-CR-24).

    Respectfully submitted,

    */s/ Brian Butler*
    Brian Butler
    Stites & Harbison
    400 West Market Street, Suite 1800
    Louisville, Kentucky 40202
    (502) 594-1802

    *Counsel for Defendant, Isaiah Stoner*

---

[2] If Mr. Stoner were a criminal history category III as the undersigned believes is more in line with the nature of his criminal history, Mr. Stoner's low end Guideline would be 14 months below his 60 month mandatory minimum.

<u>CERTIFICATE OF SERVICE</u>

    It is hereby certified that a copy of the foregoing Sentencing Memorandum was electronically filed on September 19, 2022, with service to the Hon. Alicia Gomez, counsel of record.

*/s/ Brian Butler*
*Counsel for Defendant, Isaiah Stoner*