UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                  CRIMINAL ACTION NO.: 3:22-CR-29-DJH

ISAIAH STONER                                                                            DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for September 26, 2022.

### Statutory Sentencing Provisions

Isaiah Stoner stands convicted of possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(B)(vi). A conviction under this statute carries a minimum term of imprisonment of 5 years, a maximum term of imprisonment of 40 years, a potential maximum fine of $5,000,000, and a term of supervised release of no less than 4 years. Mr. Stoner also stands convicted of possession of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2). A conviction under this statute carries a maximum term of imprisonment of 10 years, a potential maximum fine of $250,000, and a term of supervised release of no more than 3 years.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 21. (DN 26, PSR

1

at ¶ 31 Page ID # 89). The PSR also concludes that Mr. Stoner's criminal history places him in Criminal History Category IV. (*Id*. at ¶ 41, Page ID # 91). Based upon a total offense level of 21 and a criminal history category of IV, the guideline imprisonment range is 57 to 71 months. (*Id*. at ¶ 64, Page ID # 96). However, statutorily the minimum sentence is five years; hence, the guideline range is accordingly 60 to 71 months. (*Id*.)

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

   . . .

(5) any pertinent policy statement--

   . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Stoner stands convicted of possession of fentanyl with intent to distribute and possession of ammunition by a prohibited person. The proposed guideline sentence in this action will adequately promote respect for the law, provide just punishment for the offense, protect the public, deter further criminal conduct, and provide Mr. Stoner with needed correctional treatment. The proposed sentence meets these factors.

<u>Conclusion</u>

For the reasons set forth herein, the United States respectfully requests the Court to accept the plea agreement and sentence the defendant to the low end of the guideline range, but not less than the minimum required by law, followed by a term of supervised release of at least four years.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
FAX: (502) 582-5067


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney